UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MATTHEW OTWORTH,

    Plaintiff,

v.                                                     CASE NO. 1:18-CV-625

PNC BANK,                                  HON ROBERT J. JONKER

    Defendant.
_____/

## OPINION AND ORDER REGARDING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 16), Plaintiff's Objection to the Report and Recommendation (ECF No. 17), and Defendant's Response to Plaintiff's Objection (ECF No. 18). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; Plaintiff's Objection, and Defendant's Response. The Court has also reviewed the entire record of the case.

Plaintiff's Complaint alleges that he receives a disability check that is automatically deposited at a branch of Defendant PNC Bank. Because he is confined to a wheelchair, Plaintiff is unable to travel to the bank. In the past, Plaintiff has written a check to an aide, who has cashed the check on Plaintiff's behalf and used the cash to buy groceries and other household provisions for Plaintiff. In March of 2018, Plaintiff learned that PNC would begin to charge non-customers a check cashing fee of 2% of the check. Since Plaintiff's aide does not have a PNC account, Plaintiff is now required to pay 2% of every check cashed by the aide to the bank. Plaintiff sought relief under 42 U.S.C. § 1983 for an asserted violation of his constitutional due process rights, as well as a state tort claim for "theft by deception." Plaintiff also filed a perfunctory motion for default judgment. (ECF No. 6). Defendant moved to dismiss Plaintiff's Complaint because it failed to state a claim upon which relief could be granted. (ECF No. 4). Plaintiff filed a Response that asserted the matter should go forward, and that vaguely alluded to the Rehabilitation Act, 29 U.S.C. § 794(a), and the ADA, 42 U.S.C. § 12182(a). (ECF No. 8).

The Report and Recommendation recommends that Plaintiff's Motion for Default Judgment be denied because there was no basis for the Clerk to enter a Default Judgement. (ECF No. 16, PageID.73). The Magistrate further recommends granting Defendant's motion to dismiss. The Magistrate reports that Plaintiff cannot state a Section 1983 claim against Defendant because the bank is not a state actor under the statute (*Id.* at PageID.76). The Magistrate further recommends that, if the Court dismisses the federal claim, the Court should decline to exercise supplemental jurisdiction over the remaining state tort claim or, in the alternative, the claim should be dismissed

because Michigan law does not provide for such a cause of action. (*Id.* at PageID.78-79). Finally, the Magistrate finds that the new claims in Plaintiff's Response brief are not supported by the allegations in Plaintiff's Complaint. (*Id.* at 76-78). Plaintiff objects to the dismissal in a two page document that largely repeats the allegations in the Complaint. (ECF No. 17). Plaintiff has also moved for leave to amend his Complaint. (ECF No. 22). In its Response, Defendant asserts that Plaintiff has failed to raise specific objections to the Magistrate's analysis, and that there is nothing requiring de novo review by this Court. Defendant urges the Court to adopt the Report and Recommendation and dismiss this case. (ECF No. 18).

It's hard to understand why this isn't a simple problem of customer service, rather than a federal case. To that end, the Court ordered both sides to brief whether there may be a practical business solution to this case. (ECF No. 19). The parties' responses indicate that there may well be a business solution, but Plaintiff is unwilling or unable to engage in the necessary avenues to bring those solutions about, and he clearly desires to continue with this litigation. The Court agrees with the Magistrate Judge, however, that there is no basis on this record for default judgment against Defendant. The Court also agrees that Plaintiff has failed to articulate a Section 1983 claim, and that Plaintiff has further failed to state a claim for "theft by deception" since Michigan law does not provide for such a cause of action.

That said, the Court is not prepared simply to dismiss the case without any opportunity to replead. As alluded to in Plaintiff's response brief and his motion to amend, there are other potential claims like the ADA or Rehab Act, as well as contract claims or even a UCC Chapter 4 claim that could possibly apply in this case. For a pro se plaintiff, the Court is obligated to look at the substance of the allegations and overlook formal failures. *See Estelle v. Gamble*, 429 U.S. 97,

106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). It is certainly true that Plaintiff should better articulate this theory, but those are corrections and improvements that Plaintiff can readily make. Plaintiff's pleadings are not artful, but they allege the basics of what could be *Twombly* plausible claims.

Therefore, Plaintiff can and should recite his claims in a more coherent, amended complaint that pleads facts in separately numbered paragraphs and separately identifies each cause of action. To facilitate this, the Court **GRANTS** Plaintiff leave to amend his complaint to state an Americans with Disabilities Act claim against Defendant, and any other claim Plaintiff believes he has against Defendant. Plaintiff's amended complaint should plead facts in individually numbered paragraphs with separate counts for each cause of action he believes he has. The amended complaint must be filed no later than **February 8, 2019.**

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment (ECF No. 6) is **DENIED.**
2. Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED,** but subject to Plaintiff's leave to file an amended complaint as provided in this Order. Plaintiff's motion for leave to amend (ECF No. 22) is **DISMISSED AS MOOT.**
3. Plaintiff may file an amended complaint as outlined in this Order no later than **February 8, 2019.** If Plaintiff fails to file an amended complaint, the case will be entirely dismissed. If Plaintiff does file an amended complaint, Defendant must move or answer as allowed by Rule.

4

4. Any newly identified defendants will need to be served as required by the Federal Rules.

5. The Magistrate Judge's Report and Recommendation (ECF No. 16) is adopted only to the extent consistent with this Order, and is rejected in all other respects.

**IT IS SO ORDERED.**


Dated:      January 15, 2019                    /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                CHIEF UNITED STATES DISTRICT JUDGE